# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTHONY D. SIMMONS,

        Petitioner,                         Case Number: 07-CV-13216

v.                                             HON. LAWRENCE P. ZATKOFF

MARY BERGHUIS,

        Respondent.
_____/

## OPINION AND ORDER (1) GRANTING PETITIONER'S MOTION TO HOLD PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE; (2) DENYING DUPLICATIVE MOTION TO HOLD PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE; AND (3) ADMINISTRATIVELY CLOSING CASE

Petitioner Anthony D. Simmons has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan, challenges his convictions for armed robbery, felonious assault, fleeing and eluding a police officer, resisting and obstructing a police officer, and possession of a firearm during the commission of a felony. Petitioner has now filed two identical Motions to Hold Petitioner's Writ of Habeas Corpus in Abeyance. Petitioner asks the Court to hold his petition in abeyance so that he may return to state court to present unexhausted claims. The Court shall grant Petitioner's first motion, deny the second motion as moot, stay the present petition provided that Petitioner promptly files a claim for collateral review in state court, and administratively close the matter.

**I.**

Following a jury trial in Macomb County Circuit Court, Petitioner was convicted of the above-listed offenses. He was sentenced to concurrent prison terms of eight to twenty years

imprisonment for the armed robbery conviction, one to four years imprisonment for the felonious assault conviction, one to two years for the resisting and obstructing and fleeing and eluding convictions, to be served consecutively to a two-year term of imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising two claims for relief: (1) that the felonious assault and armed robbery convictions violated double jeopardy, and (2) that insufficient evidence was presented to sustain his felony-firearm conviction. The Michigan Court of Appeals vacated Petitioner's felonious assault conviction and sentence and affirmed Petitioner's remaining convictions. *People v Simmons*, No. 258964 (Mich. Ct. App. March 16, 2006). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied. *People v. Simmons*, 476 Mich. 860 (Mich. July 31, 2006).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting a single claim for relief: that the evidence was insufficient to sustain his felony-firearm conviction.

**II.**

Petitioner has filed a Motion to Hold Petition for Writ of Habeas Corpus in Abeyance, so that he may present unexhausted claims in state court before amending his habeas petition to present these claims. State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending the resolution of state court post-conviction proceedings. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The Supreme Court specifically recognized that the "stay-and-abeyance" procedure is appropriate where outright dismissal of the petition would jeopardize the timeliness of a future petition. *Id.* at 275.

2

If the Court dismisses the current petition, Petitioner's ability to timely re-file a petition for writ of habeas corpus following the exhaustion of his issues in the state courts will be placed in jeopardy. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir.2003). The statute of limitations runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such a review. *See* 28 U.S.C. § 2244(d)(1)(A). The Michigan Supreme Court denied Petitioner's application for leave to appeal on July 31, 2006. *People v. Simmons*, 476 Mich. 860 (Mich. July 31, 2006). Petitioner's conviction became final ninety days later, on October 29, 2006, when the deadline for filing a petition for writ of certiorari in the United States Supreme Court expired. Although Petitioner filed his petition in this Court on July 19, 2007 (that is, well within the one-year limitations period), the Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Thus, unless equitably tolled, the limitations period already expired on October 29, 2007. Accordingly, the Court finds that outright dismissal of the petition would jeopardize the timeliness of any future habeas petition.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay

within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

### III.

Accordingly, it is **ORDERED** that Petitioner's "Motion to Hold Petition for Writ of Habeas Corpus in Abeyance" [dkt. # 3] is **GRANTED**. Petitioner's second "Motion to Hold Petition for Writ of Habeas Corpus in Abeyance" [dkt. # 7] is **DENIED AS MOOT**. If Petitioner fails to file a motion for relief from judgment with the state trial court within **sixty days** from the date of this Order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay and an amended petition in this Court within **sixty days** after the conclusion of the state court proceedings. If Petitioner files an amended petition, Respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **sixty days** thereafter.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this Order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**IT IS SO ORDERED.**

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: December 10, 2007

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 10, 2007.

                                             s/Marie E. Verlinde
                                             Case Manager
                                             (810) 984-3290