UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY D. SIMMONS,

        Petitioner,                  Case Number: 2:07-CV-13216

v.                                     HONORABLE LAWRENCE P. ZATKOFF

MARY BERGHUIS,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING CERTIFICATE OF APPPEALABILITY**

      This matter is before the Court on Anthony D. Simmons' *pro se* petition for a writ of habeas corpus. Petitioner, currently incarcerated at the Pugsley Correctional Facility in Kingsley, Michigan, challenges his convictions for armed robbery, fourth-degree fleeing and eluding, resisting and obstructing a police officer, and felony firearm on the following grounds: (i) sufficiency of the evidence; (ii) identification procedures; and (iii) prosecutorial misconduct. The Court denies habeas relief and denies a certificate of appealability.

**I. Background**

      Petitioner's convictions arise from the robbery of Jerome Wilson on December 11, 2003. Wilson, a truck driver, testified that, on that date, at approximately 7:45 p.m., he was in a parking lot in Warren, Michigan, tending to a truck assigned to him. He had been in the parking lot for about twenty minutes when a white sedan pulled into the parking lot, circled, and then parked next to his truck. The man, who he identified as Petitioner, exited the vehicle, approached Wilson, held a gun to Wilson's head and demanded his money and phone. Petitioner threatened to shoot Wilson.

Wilson gave Petitioner his wallet and a company cell phone. Petitioner reentered his vehicle and left the parking lot. As Petitioner left the parking lot, Wilson dialed 911 and told the dispatcher which way Petitioner had driven.

Cortland Larry testified that he was a police officer with the Warren Police Department. He was working the night of the robbery. He and his partner heard the radio dispatch regarding the robbery and responded to the area where the suspect's vehicle had last been seen. Officer Larry noticed a vehicle stopped at a red light that matched the description of the perpetrator's vehicle. He pulled up alongside the vehicle and noted that the driver fit the description of the perpetrator. When the light turned green, Officer Larry pulled the patrol car behind the suspect's vehicle and activated his lights. The suspect did not stop. The pursuit, aided by a police helicopter, continued for some time. Eventually, the suspect stopped his vehicle and fled on foot. With the aid of information from the police helicopter, Officer Larry and his partner chased the suspect. Ultimately, Officer Larry and his partner found Petitioner hiding underneath a garbage can and apprehended him.

Officer Larry testified that the route Petitioner had taken when fleeing on foot was searched for a gun and Wilson's wallet. Neither item was located on that route or in Petitioner's vehicle.

Petitioner presented no witnesses in his defense.

## II. Procedural History

Petitioner was tried before a jury in Macomb County Circuit Court. He was convicted of armed robbery, felonious assault, carrying or possessing a firearm during the commission of a felony, failure to stop at the signal of a police officer (fleeing and eluding) in the fourth degree, and assaulting, resisting and obstructing a police officer in the course of duty. On October 20, 2004, he was sentenced to 8 to 20 years in prison for armed robbery, 1 to 4 years in prison for felonious

assault, 1 to 2 years for both fleeing and eluding and resisting and obstructing a police officer, all to be served concurrently with one another and consecutively to two years in prison for the felony firearm conviction.

      Petitioner filed an appeal of right in the Michigan Court of Appeals. He raised these claims:

    I.      Appellant's convictions and sentences for both armed robbery and felonious assault constitute double jeopardy.

    II.     The evidence at trial was insufficient to convict appellant of felony firearm.

      The Michigan Court of Appeals vacated Petitioner's conviction for felonious assault and affirmed his convictions in all other respects. *People v. Simmons*, No. 258964 (Mich. Ct. App. March 16, 2006).

      Petitioner filed an application for leave to appeal in the Michigan Supreme Court. He raised the same sufficiency of the evidence claim raised in the Michigan Court of Appeals and these additional claims:

    I.      Identification.

    II.     Ineffective trial counsel.

      The Michigan Supreme Court denied leave to appeal. *People v. Simmons*, 476 Mich. 860 (Mich. July 31, 2006).

      Petitioner filed a petition for writ of habeas corpus in this Court. He raised a single sufficiency of the evidence claim. He then sought a stay in this Court to allow him to exhaust additional, unexhausted claims in state court. The Court granted the stay. After exhausting his state court remedies, Petitioner returned to federal court requesting that the habeas proceeding be reopened and filed an amended petition. The Court reopened the proceedings and directed Respondent to file an answer to the amended petition which raised these claims:

3

    I.      Insufficient evidence to convict of felony firearm.

    II.     Defendant was deprived of his Fifth and Fourteenth Amendment rights to due process of law by becoming the victim of a suggestive identification.

    III.    Defendant's due process of law was violated when the prosecutor engaged in improper argument.

### III. Standard

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies

4

that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's

resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### IV. Discussion

#### A. Sufficiency of the Evidence

First, Petitioner argues that insufficient evidence was presented to sustain his conviction for felony firearm.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits

6

in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, (citing *Jackson,* 443 U.S. at 319). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.* "A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003), (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). "A reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *McDaniel v. Brown*, __ U.S. __, 130 S. Ct. 665, 674 (2010), (quoting *Jackson*, 443 U.S. at 326).

Under Michigan law, the elements of felony firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony. *See* Mich. Comp. Laws § 750.227b; *People v. Akins*, 259 Mich. App. 545, 554, 675 N.W.2d 863 (2003). Circumstantial evidence and reasonable inferences from such evidence can constitute satisfactory proof of the elements of the crime. *See People v. Carines*, 460 Mich. 750, 757, 597 N.W.2d 130 (1999).

The Michigan Court of Appeals, although not specifically citing *Jackson*, clearly applied the *Jackson* standard and held that sufficient evidence was presented to sustain Petitioner's conviction. The Michigan Court of Appeals cited Jerome Wilson's testimony that Petitioner had a gun, threatened to shoot him, and took his wallet and phone. In addition, Wilson had some familiarity with guns and was able to describe the gun with specificity. The Michigan Court of Appeals held

that the failure to recover a gun from Petitioner or along the chase route did not render the evidence insufficient to support his conviction because the chase was long and proceeded between buildings and through a cluttered alley, making it possible that the gun was overlooked.

Considered in the light most favorable to the prosecution, the evidence presented at trial and highlighted by the Michigan Court of Appeals clearly supported a finding that the prosecutor established beyond a reasonable doubt that Petitioner possessed a firearm during the commission of a felony. Therefore, the Court finds that the state court's holding was not contrary to or an unreasonable application of Supreme Court precedent.

## B. Procedural Default

Respondent argues that Petitioner's second and third habeas claims, regarding identification procedures and prosecutorial misconduct, are procedurally defaulted. Federal habeas relief is precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell*, 244 F.3d 533, 539 (6th Cir. 2001). The last explained state court judgment should be used to make this determination. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

Petitioner's claim that the prosecutor knowingly presented false testimony was raised for the first time on state court collateral review. The Michigan Supreme Court denied relief pursuant to

Michigan Court Rule 6.508(D), which provides, in part, that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. *See* Mich. Ct. R. 6.508(D)(3). The United States Court of Appeals for the Sixth Circuit recently has held that the form order used by the Michigan Supreme Court to deny leave to appeal in this case is unexplained because its citation to Michigan Court Rule 6.508(D) is ambiguous as to whether it refers to a procedural default or a rejection on the merits. *See Guilmette v. Howes*, 624 F.3d 286, 291-92 (6th Cir. 2010) (en banc). Consequently, under *Guilmette*, the Court must "look through" the unexplained order of the Michigan Supreme Court to the state trial court's decision to determine the basis for the denial of state post-conviction relief.

The state trial court clearly denied relief on procedural grounds. The trial court cited Michigan Court Rule 6.508(D)(3) and concluded that Petitioner did not establish good cause for failing to raise these claims on direct review. A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

Petitioner does not assert any cause for his procedural default of these claims. Petitioner's failure to allege cause prevents federal review of his habeas claims unless the failure to do so will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. The Supreme Court

explicitly ties the miscarriage of justice exception to procedural default to a petitioner's innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Id.* at 324. "The *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citation omitted). A court presented with new evidence must consider it in light of "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id.* at 538 (citation omitted). "Based on this total record, the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id.* (quoting *Schlup*, 513 U.S. at 329). Petitioner fails to present any new, reliable evidence in support of his habeas petition and does not assert a claim of actual innocence. Therefore, these claims are procedurally barred.

## V. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

### VI. Conclusion

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

                                          S/Lawrence P. Zatkoff
                                          LAWRENCE P. ZATKOFF
                                          UNITED STATES DISTRICT JUDGE

Dated: February 8, 2012

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 8, 2012.

                                          S/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290